NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FRED W. BECK, an unmarried man, *Plaintiff/Appellant*,

*v.*

ROBERT HEATH and LINDA HEATH, husband and wife;
HIGH RIDGE INVESTMENTS, INC., an Arizona corporation dba
RED ARROW REAL ESTATE; and MICHELLE WATNE and
JOHN DOE WATNE, husband and wife, *Defendants/Appellees*.

No. 1 CA-CV 14-0337
FILED 4-28-2015

Appeal from the Superior Court in Yavapai County
No. P1300CV201300766
The Honorable Patricia A. Trebesch, Judge

**VACATED AND REMANDED**

COUNSEL

The Adams Law Firm, PLLC, Prescott
By Jeffrey R. Adams
*Counsel for Plaintiff/Appellant*

Roberts & Carver, PLLC, Prescott
By Paul L. Roberts
*Counsel for Defendants/Appellees High Ridge Investments, Inc., dba Red Arrow Real Estate, and Michelle Watne*

The Vakula Law Firm, PLC, Prescott
By Alex B. Vakula
*Counsel for Defendants/Appellees Robert and Linda Heath*

––––––––––––––––––––

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

––––––––––––––––––––

**GOULD**, Judge:

**¶1**　　　Plaintiff/Appellant Fred W. Beck ("Beck") appeals the trial court's dismissal of his complaint on the basis that his claims are barred by the doctrine of res judicata. Because there was no adjudication on the merits resulting from Beck's first lawsuit, res judicata does not apply. Accordingly, we vacate the judgment of dismissal and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**　　　Beck filed a complaint against Defendants/Appellees Robert G. Heath, Linda G. Heath, High Ridge Investments, Inc., and Michelle Watne (collectively, "Defendants") asserting breach of contract and other claims arising from a residential real estate purchase contract. Defendants moved to dismiss the complaint, arguing that the purchase contract included a mandatory alternative dispute resolution ("ADR") provision. The relevant contract provision states:

> Buyer and Seller agree to mediate any dispute or claim arising out of or relating to this Contract in accordance with the

2

REALTORS® Dispute Resolution System, or as otherwise agreed. . . . In the event that mediation does not resolve all disputes or claims, the unresolved disputes or claims shall be submitted for binding arbitration. . . . Notwithstanding the foregoing, either party may opt out of binding arbitration within thirty (30) days after the conclusion of the mediation conference by notice to the other and in such event either party shall have the right to resort to court action.

¶3 The trial court granted Defendants' motion and entered judgment dismissing the complaint. The judgment did not state whether the dismissal was with or without prejudice. Beck moved to set aside the dismissal and for reconsideration, which the court denied. Beck did not appeal.

¶4 After an unsuccessful attempt to initiate mediation, Beck filed a second complaint that was essentially the same as the first. Defendants moved to dismiss the complaint based on res judicata, arguing that the first dismissal was an adjudication on the merits pursuant to Arizona Rule of Civil Procedure 41(b). The trial court granted Defendants' motion and dismissed Beck's second complaint. Beck timely appealed.[1]

## DISCUSSION

¶5 The application of res judicata is "a question of law that this court reviews de novo." *Better Homes Const., Inc. v. Goldwater*, 203 Ariz. 295, 298, ¶ 10 (App. 2002).

¶6 On appeal, Beck challenges the trial court's determination that dismissal of Beck's first lawsuit bars his second lawsuit on the grounds of res judicata. Beck contends that res judicata does not apply to his second lawsuit because his first lawsuit was not dismissed on the merits. We agree.

¶7 Res judicata bars a subsequent action only if there is a final judgment on the merits in the previous litigation. *In re Gen. Adjudication of All Rights to Use Water In Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 14 (2006) (emphasis added). When parties enter into a mandatory ADR agreement, however, a court lacks jurisdiction to resolve the merits of all claims subject to the ADR agreement. *DiMercurio v. Sphere Drake Ins., PLC.*, 202 F.3d 71, 77 (1st Cir. 2000); *cf. Duenas v. Life Care Centers of America, Inc.*, 236 Ariz. 130,

---

[1] Defendants Heath joined in Watne and Red Arrow's Answering Brief on appeal.

139, ¶ 29 (App. 2014) ("An agreement to arbitrate relates to the jurisdiction of the courts, not to the merits, viability or ownership of a claim.")

**¶8**          In this case, the dismissal of Beck's first lawsuit based on a mandatory ADR agreement did not result in a final judgment on the merits. Accordingly, res judicata does not apply to bar his second lawsuit.

**¶9**          Beck requests an award of attorneys' fees on appeal pursuant to A.R.S. § 12-341.01. In the exercise of our discretion we decline to award fees on appeal due to Beck's failure to initiate mediation as required by the purchase contract, which ultimately resulted in this appeal. However, we award Beck his taxable costs on appeal upon timely compliance with ARCAP 21.

## CONCLUSION

**¶10**          For the foregoing reasons, we vacate the trial court's judgment of dismissal based on res judicata and remand for further proceedings.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama